UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNY ROCHA,<br><br>                    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,[1] Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | NO:  CV-12-3036-FVS<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

Before the Court are cross-motions for summary judgment, ECF Nos. 21,

24.  The Court has reviewed the motions, the memoranda in support, the Plaintiff's

reply memorandum, and the administrative record.

_____

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on

February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,

Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

No further action need be taken to continue this suit.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

## JURISDICTION

Plaintiff Jenny Rocha protectively filed for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") on March 24, 2009. (Tr. 177, 180.) Plaintiff alleged an onset date of May 1, 2008, in both claims. (Tr. 177, 180.) Benefits were denied initially and on reconsideration. (Tr. 85, 90, 97, 102.) On November 13, 2009, Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 108.) A hearing was held before ALJ R.J. Payne on March 22, 2011. (Tr. 42.) Plaintiff was represented by counsel at the hearing. (Tr. 17.) Testimony was taken from Dr. Harvey Halpern, a medical expert, and Dr. Margaret Moore, a psychological expert. (Tr. 43.) Testimony was also taken from the Plaintiff, Ms. Rocha. (Tr. 43.) On May 9, 2011, ALJ Payne issued a decision finding Plaintiff not disabled. (Tr. 17-29.) The Appeals Council denied review. (Tr. 1-3.) This matter is properly before this Court under 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of this case are set forth in the administrative hearing transcripts and record and will only be summarized here. The Plaintiff was thirty-one years old when she applied for benefits and was thirty-three years old when ALJ Payne issued his decision. The Plaintiff currently is unemployed and lives at home with her children. The Plaintiff has not worked since 2008, after injuring herself on the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

job.  She describes myriad conditions that keep her from finding employment, including anemia; depression; back, neck, shoulder and leg pain; anxiety; morbid obesity; chronic sinusitis that causes frequent headaches; insomnia; and high blood pressure.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989) (citing *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988)).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past.  If the plaintiff is able to perform his or her previous work, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

The ALJ found that the Plaintiff met the insured status requirements of the Act through September 30, 2012.  (Tr. 19.)  At step one of the five-step sequential evaluation process, the ALJ found that Plaintiff has not engage in substantial gainful activity since May 1, 2008, the alleged date of onset.  (Tr. 19.)  At step two, the ALJ found that Plaintiff has the following severe impairments: "morbid obesity, degenerative disc disease, menorrhagia, tension headaches, anemia, and depression."  (Tr. 19.)  The ALJ found that none of the Plaintiff's impairments, taken alone or in combination, met or medically equaled any of the impairments listed in Part 404, Subpart P, Appendix 1 of 20 C.F.R.  (Tr. 19.)  The ALJ found that the Plaintiff, with some exceptions, could perform sedentary work.  (Tr. 22.)  As a result, the ALJ found at step four that the Plaintiff had several limitations that precluded the Plaintiff from performing any past relevant work as a home care worker or nurse aid.  (Tr. 28.)  However, at step five, the ALJ found that there

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

were jobs existing in significant numbers in the national economy that the Plaintiff

could perform even given his limitations.  (Tr. 28.)  Accordingly, the ALJ found

that the Plaintiff was not under a disability for purposes of the Act.  (Tr. 29.)

## ISSUES

The question before the Court is whether the ALJ's decision is supported by

substantial evidence and free of legal error.  Specifically, the Plaintiff argues that

the ALJ (1) improperly rejected the opinions of the Plaintiff's treating and

examining medical providers; (2) improperly disregarded the Plaintiff's subjective

complaints; and (3) failed to meet his evidentiary burden to identify specific jobs

existing in substantial numbers in the national economy that the Plaintiff could

perform.

## DISCUSSION

**Opinions of the Claimant's Treating and Examining Medical Providers**

The Plaintiff argues that the ALJ improperly rejected the opinions of Ms.

Rocha's treating and examining medical providers.  Specifically, the Plaintiff

argues that the ALJ failed to sufficiently consider the opinion of Physician's

Assistant ("PA") Ovidio Demiar and did not take into account all of the diagnoses

made by Mary A. Gentile, Ph.D., in Dr. Gentile's Mental Residual Functional

Capacity Assessment.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

An RFC determination represents the most a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The RFC assessment is not a "medical issue" under the Regulations; it is based on all relevant evidence in the record, not just medical evidence. *Id.* The RFC determination represents dispositive administrative findings regarding a claimant's ability to perform basic work and may direct the determination of disability. 20 C.F.R. §§ 404.1546, 416.946; Social Security Ruling ("SSR") 96-5p. Because the RFC assessment is part of the sequential evaluation, critical to a finding of disability and eligibility for benefits, the final responsibility for determining a claimant's RFC rests with the Commissioner after consideration of the record in its entirety. *Id.* When RFC findings and final determination reflect a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097.

In assessing the RFC, an adjudicator must consider all medical evidence provided. §§ 404.1545, 416.945. No special significance is given to a medical source opinion on the issues of RFC and disability, issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-5p; SSR 96-2p. While a treating source opinion is never entitled to controlling weight, these opinions may never be ignored. However, the ALJ need only explain why

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

"significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

As a physician's assistant, Mr. Demiar is not an "acceptable medical source" under the regulations. *See* 20 C.F.R. § 404.1527(a)(2); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing 20 C.F.R. § 404.1513(d)(1)). Instead, Mr. Demiar is an "other source," which the ALJ may discount as long as he provides "reasons germane to each witness." *Id.* (internal quotations omitted) (citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

Mr. Demiar's name is signed to two evaluations: one dated July 21, 2010, (Tr. 505-07), and the other dated December 13, 2010, (Tr. 649-50, 675-76.) Mr. Demiar also completed a medical report dated January 11, 2011. (Tr. 651-52.) In the July evaluation, Mr. Demiar describes the Plaintiff's ability to work as "limited" and asserts that the Plaintiff is unable to lift at least two pounds or unable to stand or walk. (Tr. 505-06). In the December evaluation, Mr. Demiar diagnoses the Plaintiff with low back pain and radiculopathy. (Tr. 649, 675.) He states that the Plaintiff is limited to sedentary work and can lift up to five pounds frequently but no more than ten pounds. (Tr. 649, 675.) In the January report, Mr. Demiar opines that the Plaintiff would miss four or more days of work per month due to her physical limitations. (Tr. 652.) The report also diagnoses the Plaintiff as suffering from chronic sinusitis. (Tr. 651.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

The ALJ rejected Mr. Demiar's conclusions on the grounds that they were not supported by objective findings or evidence in the record.  (Tr. 26.)  As an "other source," Mr. Demiar's opinion may support a finding as to the severity of a limitation, but the evidence provided by "other sources" may not be used to establish a medically determinable impairment.  SSR 06-03p.  Mr. Demiar's materials are the only materials in the record that support a finding of either chronic sinusitis or radiculopathy.  Accordingly, the ALJ did not err when he rejected Mr. Demiar's diagnoses.

Furthermore, the ALJ did not err in ascribing little weight to Mr. Demiar's conclusions as to the Plaintiff's functional limitations.  The record before the Court provides no basis to establish the severe limitations on standing and lifting identified by Mr. Demiar.  Any limitation on standing is belied by Mr. Demiar's own treatment notes, which report that the Plaintiff can stand without difficulty.  The MRI performed on the Plaintiff's back showed mild arthritis and "no significant changes of disk bulges or protrusions."  In short, the ALJ correctly noted that Mr. Demiar's conclusions are not supported by substantial evidence in the record nor objective findings.  Accordingly, the ALJ did not err in discounting Mr. Demiar's opinion.

Similarly, the ALJ did not err in discounting Dr. Gentile's markings in part I of her RFC assessment.  Dr. Gentile checked a box in section I of the mental RFC

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

assessment form asserting that Ms. Rocha was "moderately limited" in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 469.) Dr. Gentile did not, however, specifically refer to this assertion in part III of the assessment in which she was to "[e]xplain [her] summary conclusions in narrative form." (Tr. 470.) That said, Dr. Gentile does refer generally to the section containing the checked box as supporting her conclusion that Ms. Rocha "is capable of simple and likely some well-learned complex tasks. She appears to function in the BIF to low avg range of intelligence w/WM of 91 and GM of 77. Her pace would slow when presented w/new procedures while learning them." (Tr. 470.)

As the ALJ noted, section III is where a medical professional explains the summary conclusions contained in section I. (Tr. 27.) Dr. Gentile's conclusion in section III incorporates the limitations identified in section I through the conclusion that Ms. Rocha should generally be limited to simple tasks or well-learned complex tasks. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an RFC finding that a claimant "retains the residual functional capacity to perform simple, routine, repetitive sedentary work, requiring no interaction with the public" sufficiently incorporated a medical finding of moderate limitation as to pace and need for breaks). Additionally, Dr. Gentile's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

conclusion directly addresses the pacing and break elements when Dr. Gentile states that Ms. Rocha's pace would slow while learning new procedures. Accordingly, in addressing Dr. Gentile's conclusions in part III, ALJ Payne appropriately addressed all of Dr. Gentile's opinions.

**Claimants Subjective Complaints**

When the ALJ finds a claimant's statements as to the severity of impairments, pain, and functional limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas*, 278 F.3d at 958-959; *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). It is well settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain. "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. SSR 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's symptom testimony. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036.  Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons.  *Id.*

    In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

    The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  As explained by the Commissioner in a policy ruling, the ALJ need not totally reject a claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

statements; he or she may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole.  SSR 96-7p.  The ALJ may find a claimant's abilities are affected by the symptoms alleged, but "find only partially credible the individual's statements as to the extent of the functional limitations." *Id.*

Although credibility determinations are the province of the ALJ, and "the court may not engage in second-guessing," *Thomas*, 278 F.3d at 959, the court has imposed on the Commissioner a requirement of specificity.  *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003); Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir. 1993).  Even if the record includes evidence to support a credibility determination, the reasons must be articulated with specificity by the ALJ in his decision.  The court cannot infer lack of credibility or affirm credibility findings "based on evidence the ALJ did not discuss."  *Connett*, 340 F.3d at 874.  Further, the reviewing court cannot make independent findings to support the ALJ's decision. Id.

ALJ Payne found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and neither the Defendant nor the Plaintiff have challenged that finding.  (Tr. 23.)  Accordingly, the only issue in dispute is whether the ALJ's finding as to Ms. Rocha's credibility

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

is supported in the record.  As there is no evidence of malingering,[2] the ALJ's finding must be supported by clear and convincing evidence.

At the March 22, 2011, hearing, Ms. Rocha testified that she no longer drove because her legs "give out" and "feel numb."  (Tr. 58.)  She had also stopped walking her kids to school two months prior to the hearing date because she could not make the journey without frequent rest.  (Tr. 59-60.)  She stated that she could stand for only four to five minutes before she felt significant leg pain.  (Tr. 59.)  Similarly, Ms. Rocha testified that she could only sit for five or six minutes before she would have to stand up.  (Tr. 61.)  Ms. Rocha also noted that she was limited in the chores she could do at home and receives help from her sister.  (Tr. 62.)  Ms. Rocha testified that she has frequent anxiety attacks and has recurring headaches that last under an hour.  (Tr. 63-64, 68-69.)

ALJ Payne noted that medical examinations that occurred after the 2007 incident in which Ms. Rocha injured her back at work showed a full range of motion.  The examination also showed a positive axial loading test.  However, the

---

[2]The Court does note that the positive axial loading test performed by Dr. T.H. Palmatier, M.D., (Tr. 276), and Dr. Douglas W. Shearer's concerns about Ms. Rocha's sensory complaints, (Tr. 326) could be construed as evidence of malingering.  However, as malingering would not be dispositive here, and the ALJ declined to expressly find evidence of malingering, the Court does not decide the issue here.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

treating physician, Dr. T.H. Palmatier, M.D., did discover superficial tenderness to light palpation over the mid thoracic and lower lumbosacral spine, and an MRI showed mild degenerative disc disease and a mild disc protrusion.  (Tr. 23, 280.)  Dr. Palmatier restricted Ms. Rocha to light duty work.  (Tr. 280.)

   While Ms. Rocha sought semi-regular treatment during 2007 and 2008, she did not seek treatment for her back pain in 2009.  When she returned to treatment with Mr. Demiar, she did complain of back pain, but a 2011 MRI showed "no significant changes of disk bulges or protrusions or stenosis to the spinal canal."  (Tr. 657.)  In short, while Ms. Rocha has medically determinable impairments involving her back, medical evidence suggests that those impairments are only mildly limiting, and evidence further supports that Ms. Rocha's condition has not changed.  Accordingly, Ms. Rocha's complaints of severe physical limitations due to escalating back pain are not supported by objective medical evidence.

   While a finding that subjective complaints are not supported by objective medical evidence is relevant to an ALJ's credibility determination, it is not dispositive, and something more must be shown to support a finding that a claimant's testimony is not credible.  SSR 96-7p.  In this case, Ms. Rocha's testimony at the March 2011 hearing stands in sharp contrast to the consultative examination produce by James M. Toews, Ed. D., in which the Plaintiff reports being fully independent, doing light housework and laundry, being able to drive,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

shop, prepare lunch, and prepare dinner.  Furthermore, the ALJ noted large treatment gaps in the Plaintiff's history and belie her testimony of increasing severity.  Taken altogether, these facts provide the ALJ with clear and convincing evidence to support a finding that Ms. Rocha's testimony lacked credibility.  *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (opining that testimony surrounding daily activities and failure to seek treatment can support a adverse credibility finding as to subject complaints of pain).

Ms. Rocha argues that her gaps in treatment could be caused by any number of factors, including her lack of ability to pay.  However, the fact is that gaps in treatment are appropriately considered in determining the credibility of subjective complaints of pain, *id.*, and where evidence supports more than one rational interpretation, the Court may not substitute its conclusion for that of the ALJ. *Tackett*, 180 F.3d at 1098.  Therefore, the Court finds that the ALJ did not err when he discounted Ms. Rocha's testimony as to her limitations.

**Availability of Jobs in the Community**

At step five, the burden shifts to the Commissioner to establish that, despite the claimants limitations identified in step four, the claimant can perform other substantial gainful activity, and a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).  This can be shown either by reference to the grids contained in 20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 18

C.F.R., Part 404, Subpart P, Appendix 2, or by the testimony of a vocational expert. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). However, "an ALJ is required to seek the assistance of a vocational expert when the [claimant's] non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable to the particular case." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

The ALJ found that the Plaintiff was subject to the following non-exertional limitations:

> She can never climb ramps, stairs, ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. The claimant should avoid concentrated exposure to extreme cold or heat; wetness; humidity; noise; vibration; fumes, odors, dusts, gases, and poor ventilation; and hazards such as machinery and heights. She can perform simple and repetitive tasks, but not complex tasks. She would benefit from additional time in learning new tasks.

(Tr. 22.) The ALJ found that the Plaintiff was not disabled under Medical-Vocational Rule 201.25, contained within the grids located at 20 C.F.R. Part 404, Subpart P, Appendix 2. That rule applies to persons limited to sedentary work who are aged 18 to 44, who have limited or less education, and whose previous work experience is skilled or semi-skilled but whose previous work skills do not transfer. Because the Plaintiff's skills do not transfer, the Court proceeds under the assumption that, prior to application of her non-exertional limitations, Ms. Rocha is qualified to perform the approximately 200 unskilled sedentary occupations

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

described by the regulations.  SSR 96-9p.  The ALJ noted that the Plaintiff's "postural, environment[al], and mental functioning limitations would not significantly erode the number of jobs available at the sedentary exertion level." (Tr. 28.)  Accordingly, the ALJ found that Ms. Rocha was not disabled.

The Plaintiff argues that the Defendant has failed to meet its burden of establishing that a significant number of jobs exist in the national economy that plaintiff can perform.  Specifically, the Plaintiff argues that the ALJ was required to use the testimony of a vocational expert because the non-exertional limitations identified by the ALJ preclude reliance upon the grids.

In response, the Defendant argues that each of the limitations identified by the ALJ fail to substantially restrict the Plaintiff's ability to perform sedentary work.  Specifically, activities like "climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work."  SSR 96-9p.  Indeed, an ability to "stoop occasionally (from very little up to one-third of the time) in order to lift objects" leaves "the sedentary and light occupational base virtually intact."  SSR 85-15.

Similarly, the environmental restrictions listed in the RFC fail to erode the base.  "In general, few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, witness, humidity,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

vibration, or unusual hazards." SSR 96-9p. Moving mechanical parts and working in high, exposed places, are the type of hazards uncommon in the unskilled sedentary occupational base. SSR 96-9p. Even where a functional limitation includes all of the above-listed environmental factors, there is no significant erosion of the occupational base. SSR 96-9p. Other environmental restrictions involving extreme amounts of dust, fumes, and poor ventilation likewise impose a minimal impact on the occupational base. SSR 85-15.

Finally, the mental health limitations identified in ALJ Payne's RFC assessment do not erode the occupational base. ALJ Payne found that Ms. Rocha could perform simple and repetitive tasks and would benefit from additional time in learning new tasks. Simple tasks that take little time to learn are the definition of unskilled work. SSR 83-10. Accordingly, the limitations identified in the RFC are well within the definition of unskilled labor.

In her reply, the Plaintiff does not appear to contest the fact that individually, each of the identified non-exertional limitations in her RFC does not erode the occupational base. Instead, Ms. Rocha argues that the Defendant has failed to meet its burden of showing that despite the combination of non-exertional limitations significant numbers of jobs exist in the national community for Ms. Rocha to perform. However, as noted above, the restrictions identified by the ALJ have negligible impact on the occupational base for unskilled, sedentary labor. *See*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

SSR 83-10, SSR 85-15, SSR 96-9p.  The Court finds that the ALJ did not err in relying on the grids in making his determination.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Plaintiff's motion for summary judgment, ECF No. 21, is DENIED.

2.  The Defendant's motion for summary judgment, ECF No. 24, is GRANTED.

3.  Judgment shall be entered for the Defendant.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to counsel, and to close this file.

**DATED** this 7th of October 2013.


_____ *s/ Fred Van Sickle* _____
Fred Van Sickle
Senior United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22